UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONY LENDER, LLC,

      Appellant,

v.

BREAKPOINTE, LLC, and
COLONY BEACH AND TENNIS
CLUB ASSOCIATION, INC., for
itself and on behalf of All Unit Owners,

      Appellees.

_____/

CASE NO. 8:16-cv-2221-T-23
BANKR. NO. 8:13-bk-348-KRM
ADV. PRO. NO. 8:14-ap-776-KRM

## ORDER

Alleging "lack of appellate jurisdiction," Colony Beach and Tennis Club Association, Inc., and Breakpointe, LLC, move (Docs. 22 and 32) to dismiss the appeal by Colony Lender, LLC, which responds (Doc. 30) in opposition. First, the appellees argue that the appellant is not an "aggrieved person" entitled to appeal from a bankruptcy order because before the appeal Colony Lender conveyed to a third party Colony Lender's entire interest in this appeal. Second, the appellees argue that the appeal is "constitutionally moot" because the appeal includes no party with respect to whom a judicial determination can grant an effective remedy.

To establish status as an "aggrieved person," Colony Lender points to the same transaction to which the appellees point in challenging Colony Lender's status as an "aggrieved person."  Colony Lender characterizes the transaction as a sale to Unicorp (or, more exactly, Unicorp's designees) of the debtors' assets purchased by Colony Lender at the foreclosure sale.  To secure payment of the purchase price of the assets, Unicorp granted to Colony Lender a purchase money security interest in the foreclosed assets, including an assignment of the debtors' rights in the lease of the real estate that was indisputably purchased by Colony Lender at the foreclosure sale.  Colony Lender reports that the purchase price remains unpaid by Unicorp and that unless the price is paid before June 1, 2017, Colony Lender can regain (by foreclosure) or can sell ("voluntarily and independently") the debtors' assets for Colony Lender's benefit.  Whether the debtors' assets putatively purchased at the foreclosure by Colony Lender, sold to Unicorp, and subject to reclamation and sale include not only the real estate but the right to both the lease and the income stream from the lease is the principal issue contested in this appeal.

To further establish status as an "aggrieved person," Colony Lender points to adverse "monetary sanctions by the United States Bankruptcy Court . . . arising out of a claim of an alleged violation of the automatic stay."  Although whether the stay prohibited the sale of assets other than real estate and, particularly, whether the stay prohibited the sale of the lease and the right to rental income from the lease is

- 2 -

an issue in this appeal, the scope of the stay as definitively construed by the court is not inevitably and exactly equivalent to, and necessarily dispositive of, a person's vulnerability to sanction for violating the stay by engaging in a prohibited transaction.

In the reply to Colony Lender, the appellees supplement the facts about the sale from Colony Lender to Unicorp (whose designees are called "the New Owners" by the appellees) by remarking that the sale to Unicorp yielded Colony Lender "a profit of roughly $5 million more than Colony Lender's winning bid" at the foreclosure (a profit that would serve to extinguish any lingering claim by Colony Lender to additional collateral).  More to the point, the appellees note that the documents evidencing the sale from Colony Lender to Unicorp contemplate Unicorp's substitution as a party in, among other matters, this appeal and that Colony Lender has offered no explanation (satisfactory or unsatisfactory) for the failure to effect that substitution.  The appellees characterize the prospect of a tangible loss to Colony Lender as a result of this appeal as "indirect," "attenuated," "contingent," and "remote" (and, pointedly, "self-inflicted") rather than "immediate and pecuniary," which the appellees argue is the governing requirement.  The appellee's maintain that "Colony Lender divested itself of standing to prosecute this appeal when Colony Lender voluntarily transferred its entire interest in the [foreclosed assets] before filing the notice of appeal."  (Doc. 32 at 5)

- 3 -

Colony Lender and the appellees agree that "direct harm" is "necessary to satisfy [the Eleventh Circuit's] person aggrieved standard." *In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1325 (11th Cir. 2014).  Colony Lender and the appellees disagree about whether the particular adversity prospectively incurred by Colony Lender under a plausible course of events in this action directly or only indirectly harms Colony Lender in the sense of the phrase "direct harm," as used in Eleventh Circuit's "aggrieved person" precedent.

Between the imminent prospect of foreclosing a security interest in recently sold collateral (the preservation of some of which this appeal contests) and the prospect of incurring sanctions (a component of the justification for which this appeal contests), Colony Lender's claim to a "direct injury" from an adverse result in this appeal emits a palpable force.  On the other hand, Colony Lender's tactical transactions and odd omissions during the pertinent time emit a counter-force.  On balance, Colony Lender's residual stake in the outcome of this appeal seems at least minimally sufficient to squeeze past both the "aggrieved person" requirement of the Eleventh Circuit and the "case or controversy" requirement of Article III of the Constitution.  In plain language, Colony Lender remains ardent in opposition to the bankruptcy order at issue in this appeal because of Colony Lender's informed perception that a result that is adverse to Colony Lender will bring immediate and pecuniary adversity.

- 4 -

The motion (Doc. 22) to dismiss is **DENIED**.[*]

ORDERED in Tampa, Florida, on March 16, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[*] The motion promiscuously intermingles the principles of standing, mootness, and jurisdiction, which are distinct but easily and often confused.